PATRICIA L. GLASER (State Bar No. 55668)
pglaser@glaserweil.com
ROBERT E. ALLEN (State Bar No. 166589)
rallen@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Plaintiff
STEPHEN J. CLOOBECK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| STEPHEN J. CLOOBECK, an individual, | Case No. 2:21-cv-8212 |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| STEFANIE GURZANSKI, a.k.a. STEFANIE GURZANSKI QUENVILLE, an individual; UNRULY AGENCY LIMITED LIABILITY COMPANY, a California limited liability company; and DOES 1 through 10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff STEPHEN J. CLOOBECK ("Plaintiff"), by its undersigned attorneys, brings this Complaint against STEFANIE GURZANSKI, a.k.a. STEFANIE GURZANSKI QUENVILLE and Does 1 through 10 (collectively referred to as "Defendants"), for copyright infringement.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, as such arise under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"). Specifically, Plaintiff invokes a question of federal law for its claim for copyright infringement under 17 U.S.C. § 501.

2. The Court has personal jurisdiction over Gurzanski in that she resides in California, she engaged in tortious conduct in California, and her conduct caused injury to Cloobeck in California.

3. The Court has personal jurisdiction over Unruly in that it is located and has a principal place of business in California, including an office in Los Angeles County, Unruly engaged in tortious conduct in California, and Unruly's conduct caused injury to Cloobeck in California.

4. Venue of this action is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts complained of herein occurred in this judicial district and Defendants reside in and are subject to personal jurisdiction in this judicial district.

## THE PARTIES

5. Plaintiff Stephen J. Cloobeck is an individual residing in Clark County, Nevada.

6. Defendant Stefanie Gurzanski a.k.a. Stefanie Gurzanski Quenville ("Gurzanski") is an individual residing in Los Angeles County, California.

7.. Defendant Unruly Agency Limited Liability Company ("Unruly") is a California limited liability company, whose address is 6250 Hollywood Blvd. #6B,

Los Angeles, California 90028.

8.   Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously names Defendants is responsible in some manner or capacity for the wrongful conduct alleged herein, and that Plaintiff's loss was proximately and/or directly caused by Defendants' acts.

## FACTUAL BACKGROUND

9.   Plaintiff is the sole and exclusive owner of certain copyrighted works, including the twenty-seven photographs attached as Exhibit A (the "Photographs") and three audio-visual works, a frame of each of which is attached hereto as Exhibit B (the "Videos"). The Photographs and the Videos are individually referred to as a "Work" and collectively as the "Works." The creator of each of the Works, Adrianna Suchor ("Suchor"), assigned each of the Works in writing to Plaintiff.

10.  Plaintiff registered the Photographs specified on Exhibit A with the United States Copyright Office on September 17, 2021 and September 30, 2021 (Registration Nos. VAu 1-445-265 and VAu 1-443-498). Plaintiff registered the Videos specified on Exhibit B with the United States Copyright Office on October 7, 2021 (Registration Nos. PAu 4-103-539, PAu 4-103-541 and PAu 4-103-542). Copies of the copyright registration certificates are attached as Exhibit C.

11.  Neither Plaintiff nor Suchor authorized the reproduction of any of the Works, has never authorized the creation of a derivative work of any of the Works, has never authorized the public display or performance of any of the Works, has never authorized the public distribution of any of the Works, and has never offered to a group of persons copies of any of the Works for further distribution or public display.

12.  Without authorization, Gurzanski reproduced and distributed the Works on Gurzanski's social media accounts, including Twitter (@Ste_FAN_ie_Gurz),

1  Instagram (@stefaniegurzanski), OnlyFans (@stefbabyg) and TikTok (@stefbabyg)
2  (the "Gurzanski Accounts") and caused the Works to be publicly displayed through the
3  Gurzanski Accounts on those social media services.  Copies of the Works on the
4  Gurzanski Accounts presently known are attached as <u>Exhibit D</u>.

5        13.   Without Plaintiff or Suchor's authorization, Unruly reproduced and
6  distributed the Works on Unruly's social media accounts, including Instagram
7  (@unrulyagency) and on Unruly's website (<u>www.unrulyagency.com</u>) (the "Unruly
8  Accounts"), and caused the Works to be publicly displayed through the Unruly
9  Accounts on those social media and web services.  Copies of the Works on the Unruly
10 Accounts presently known are attached as <u>Exhibit E</u>.

11       14.   On information and belief, Defendants reproduced and publicly displayed
12 additional Works on social media, including, without limitation, behind paywalls,
13 thereby preventing Plaintiff, without unlocking and paying for each such posts, from
14 ascertaining the full extent of Defendants' infringement.

## CLAIM FOR RELIEF

**(For Copyright Infringement Against Gurzanski, Unruly and Does 1-10)**

17       15.   Plaintiff hereby incorporate the allegations set forth above in paragraphs 1
18 through 14 above, as though fully set forth herein.

19       16.   Plaintiff is the sole and exclusive owner of each of the Works, which have
20 been registered with the United States Copyright Office.

21       17.   Without Plaintiff's license, authorization or consent, Gurzanski has
22 reproduced, publicly displayed/performed and distributed (and have authorized others
23 to reproduce, publicly display/perform and distribute) the applicable Works through
24 the Gurzanski Accounts, thereby infringing Plaintiff's exclusive rights of copyright in
25 the Works under the U.S. Copyright Act, 17 U.S.C. §§ 106(1)-(5).

26       18.   Without Plaintiff's license, authorization or consent, Unruly has
27 reproduced, publicly displayed/performed and distributed (and have authorized others
28 to reproduce, publicly display/perform and distribute) the applicable Works through

the Unruly Accounts, thereby infringing Plaintiff's exclusive rights of copyright in the Works under the U.S. Copyright Act, 17 U.S.C. §§ 106(1)-(5).

19. Each unauthorized reproduction, creation of a derivative work, public display and/or distribution of each Work constitutes a separate and distinct act of copyright infringement.

20. On information and belief, Defendants' conduct has been and continues to be intentional, willful and with full knowledge that each of the Works is a copyrighted work, and that Defendants did not have the right to reproduce, create a derivative work, publicly display/perform or distribute any of them through the internet or otherwise.

21. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' infringement of Plaintiff's copyrights, Plaintiff is entitled to recover his actual damages, including, Defendants' profits from infringement, as will be proven at trial.

22. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and ordering the Defendants to impound and destroy all copies of the Photographs made in violation of Plaintiff's exclusive rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby demands judgment against Defendants, and requests the following:

A. For a preliminary and permanent injunction against Defendants, and anyone working in concert with them, from further copying the Works;

B. Under 17 U.S.C § 503, for impoundment and destruction of all copies of the Works used by Defendants in violation of Plaintiff's copyright in the Works –

including all digital copies or any other means by which they could be used again by Defendants without Plaintiff's authorization – as well as all related records and documents;

C. Under 17 U.S.C. § 504(b), for actual damages and all of Defendants' profits derived from the unauthorized use of the Works;

D. For an award of pre-judgment and post-judgment interest as allowed by law;

E. For all of Plaintiff's costs; and

F. For such other and further relief as the Court deems necessary, just and proper.

DATED: October 15, 2021            Glaser Weil Fink Howard Avchen & Shapiro LLP


By:   /s/ *Robert E. Allen*
          Robert E. Allen

          *Attorneys for Plaintiff*
          *Stephen J. Cloobeck*

2068820.1

# **DEMAND FOR JURY TRIAL**

Plaintiff Stephen J. Cloobeck demands a trial by jury of the claims for relief so triable as alleged in this Complaint.

DATED: October 15, 2021       Glaser Weil Fink Howard Avchen & Shapiro LLP

By: /s/ *Robert E. Allen*
    Robert E. Allen

*Attorneys for Plaintiff*
*Stephen J. Cloobeck*

6

2068820.1